RECORD NO. 13-4416

In The
# United States Court of Appeals
### For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee*,

v.

**ESTEE PETE GILSTRAP,**

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR DISTRICT OF SOUTH CAROLINA AT ANDERSON

---

### BRIEF OF APPELLANT

---

William I. Bouton
WILKINS & BOUTON, LLC
Post Office Box 8373 (29604)
1 McDaniel Green
Greenville, South Carolina  29601
(864) 312-3901

*Counsel for Appellant*

THE LEX GROUP ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

## TABLE OF CONTENTS

          **Page**

TABLE OF AUTHORITIES ................................................................................ ii

I.    STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION ................................................................................................ 1

      A.    BASIS FOR SUBJECT MATTER JURISDICTION IN THE DISTRICT COURT ..................................................................................... 1

      B.    BASIS FOR JURISDICTION IN THE COURT OF APPEALS ......... 2

II.    STATEMENT OF ISSUES PRESENTED FOR REVIEW ............................ 2

III.    STATEMENT OF THE CASE .................................................................... 2

IV.    STATEMENT OF THE FACTS .................................................................. 3

V.    SUMMARY OF THE ARGUMENT ........................................................... 4

VI.    ARGUMENT ............................................................................................... 5

      1.    WHETHER THE DISTRICT COURT'S ACCEPTANCE OF APPELLANT'S PLEA WAS IN COMPLIANCE WITH RULE 11? ................................................................................................... 5

          Standard of Review ............................................................................ 5

      2.    WHETHER THE APPELLANT WAS PROPERLY SENTENCED? ................................................................................... 8

          Standard of Review ............................................................................ 8

VII.    CONCLUSION .........................................................................................

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anders v. California*,
    386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) ............................4, 10

*Gall v. United States*,
    552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007) ................................9

*United States v. Battle*,
    499 F.3d 315 (4th Cir. 2007) .........................................................................6

*United States v. Bradley*,
    455 F.3d 453 (4th Cir. 2006) .........................................................................5

*United States v. Curry*,
    523 F.3d 436 (4th Cir. 2008) .........................................................................8

*United States v. Heath*,
    559 F.3d 263 (4th Cir. 2009) .....................................................................8, 9

*United States v. Moussaoui*,
    591 F.3d 263 (4th Cir. 2010) .........................................................................6

*United States v. Vonn*,
    535 U.S. 55, 122 S. Ct. 1043, 152 L. Ed. 2d 90 (2002) .................................5

**STATUTES**

18 U.S.C. § 924(c)(1)(A) ......................................................................................1

18 U.S.C. § 3553 ...................................................................................................7

18 U.S.C. § 3553(a) ..........................................................................................8, 9

21 U.S.C. § 841(a)(1) ............................................................................................1

21 U.S.C. § 841(b)(1)(A) ..................................................................................1

28 U.S.C. § 1291 .............................................................................................2

**RULES**

Fed. R. Crim. P. 11 ......................................................................................2, 5

Fed. R. Crim. P. 11(b) ......................................................................................6

Fed. R. Crim. P. 11(h) ..................................................................................5, 7

# I.   STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

## A.   BASIS FOR SUBJECT MATTER JURISDICTION IN THE DISTRICT COURT

Appellant Estee Pete Gilstrap was named among others in a six-count superseding indictment filed by the United States Attorney for the District of South Carolina on November 13, 2012. The indictment charged him in Count 1 with conspiracy to possess with intent to distribute and distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). The indictment charged him in Count 2 with possession with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). The indictment charged him in Count 3 with knowingly using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). The remaining three counts of the indictment did not apply to this Appellant. (DE 306)

Pursuant to these code sections, jurisdiction in the United States District Court was proper.

1

**B.     BASIS FOR JURISDICTION IN THE COURT OF APPEALS**

This Court has jurisdiction over appeals from final judgments of district courts pursuant to 28 U.S.C. § 1291. A plea of guilty is a final order pursuant to 28 U.S.C. § 1291.

The final judgment in this matter was entered by the district court on May 17, 2013. (DE 554) A notice of appeal was filed on May 29, 2013. (DE 570) This was a timely notice of appeal.

**II.     STATEMENT OF ISSUES PRESENTED FOR REVIEW**

1. WHETHER THE DISTRICT COURT'S ACCEPTANCE OF APPELLANT'S PLEA WAS IN COMPLIANCE WITH RULE 11?

2. WHETHER THE APPELLANT WAS PROPERLY SENTENCED?

**III.     STATEMENT OF THE CASE**

Appellant Estee Pete Gilstrap was named in a sealed indictment filed by the United States Attorney for the District of South Carolina in the Anderson Division on June 12, 2012. Gilstrap was arrested on June 20, 2012.

Gilstrap was arraigned on June 20, 2012 and pled not guilty. He was granted a $25,000 secured bond by the Honorable Jacquelyn D. Austin.

Gilstrap entered a plea agreement with the Government on January 14, 2013. He pled guilty to Counts 2 and 3 of the third superseding indictment on January 14, 2013.

Gilstrap was sentenced May 16, 2013, to 180 months in prison, followed by 5 years of supervised release.

## IV.     STATEMENT OF THE FACTS

A joint investigation by law enforcement from the United States Drug Enforcement Administration (DEA) and local law enforcement determined that illegal drug activities were being conducted in South Carolina and Georgia. The investigation revealed that the conspiracy was receiving multiple pounds of methamphetamine dating back to at least 2010. (DE 631 at 43-44) On November 20, 2011 law enforcement responded to a call about a suspicious person asleep in a vehicle for several hours in a grocery store parking lot in Anderson, SC. When law enforcement arrived they observed Gilstrap unconscious and alone in the driver's seat of his vehicle, with the engine running. After waking Gilstrap he was asked to exit the vehicle. At this time, law enforcement observed a loaded .45 Taurus handgun in plain view on the driver's seat where Gilstrap's leg was positioned. Gilstrap was placed under arrest and an inventory search of the vehicle revealed three plastic baggies containing a quantity of methamphetamine inside the vehicle. The methamphetamine was submitted to the DEA's Southeast Regional Laboratory for analysis. The narcotics tested positive for an actual weight of 65 grams of methamphetamine, with a 99% purity level. (DE 631 at 45)

At the plea hearing, Gilstrap admitted to possession of over 50 grams of actual methamphetamine and to knowingly using and carrying a firearm during and in relation to a drug trafficking crime. (DE 631 at 46)

At sentencing, Gilstrap faced a mandatory minimum sentence of 120 months for the possession with intent to distribute more than 50 grams of actual methamphetamine and a mandatory minimum sentence of 60 months consecutive for possession of a firearm in furtherance of a drug trafficking crime. The maximum statutory sentence for both of the charges is life in prison. As to the guideline provisions, Gilstrap faced an advisory guidelines range of 97 to 121 months for Count 2, however due to the statutorily authorized minimum sentence his guideline range at sentencing was 120 to 121 months. The district court accepted the plea agreement between Gilstrap and the Government and Gilstrap was sentenced to 180 months. This term consists of 120 months as to Count 2 and 60 months consecutive as to Count 3. (DE 660 at 15)

## V.   SUMMARY OF THE ARGUMENT

Counsel has thoroughly reviewed the entire record in this matter and has researched relevant law. Counsel is unable to locate any meritorious issues for appellate review and files this brief in accordance with the mandate of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Counsel presents two issues for review in this *Anders* brief.

Counsel has first researched whether Gilstrap's plea was properly entered in the district court. After reviewing the record of the plea colloquy and reviewing the requirements of Rule 11 of the *Federal Rules of Criminal Procedure*, counsel believes the plea was properly entered in the district court.

Counsel has reviewed the record of Gilstrap's sentence hearing and does not find any error in the sentence. The sentence was the minimum sentence allowed by statute for both counts, as well as the minimum sentence under the recommended guideline provisions.

## VI.   ARGUMENT

1. WHETHER THE DISTRICT COURT'S ACCEPTANCE OF APPELLANT'S PLEA WAS IN COMPLIANCE WITH RULE 11?

**Standard of Review:**  Appellate courts review plea proceedings for plain error. *United States v. Bradley*, 455 F.3d 453, 462 (4th Cir. 2006); *United States v. Vonn*, 535 U.S. 55, 59-62, 122 S. Ct. 1043, 152 L. Ed. 2d 90 (2002). Rule 11 of the Federal Rules of Criminal Procedure governs the entering and acceptance of guilty pleas in the district court. Rule 11 requires any variation from its requirements be considered harmless error unless the variation affects substantial rights. *Fed. R. Crim. P.*, Rule 11(h).

There is very little to review when a federal defendant pleads guilty in the district court. Because a plea of guilty waives all non-jurisdictional defects in his case prior to the plea of guilty, the Court is limited to reviewing the voluntary and

5

intelligent nature of the guilty plea. *United States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir. 2010). A guilty plea is constitutionally valid as long as it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id.*

To insure the district court properly accepted a guilty plea from a defendant, the appellate court should verify the plea colloquy covers all of the rights and warnings described in Rule 11(b). *United States v. Battle*, 499 F.3d 315, 321 (4th Cir. 2007).

Gilstrap was placed under oath and informed that any false statements could be used against him. (DE 631 at 5-6) The district court informed him of the various constitutional rights he was waiving by pleading guilty, including: the right to plead not guilty, the right to a jury trial, the right to counsel, the right to cross-examine witnesses against him, the right against self-incrimination, the right to testify and present evidence and the right to compel the attendance of witnesses. (DE 631 at 15-16) Gilstrap testified he understood he was waiving all of these rights by entering a plea of guilty. (DE 631 at 17)

The court explained to Gilstrap that he may be required to pay restitution to any victims and that he may be forced to forfeit certain property to the government if he pleads guilty. (DE 631 at 17-18) During the hearing, the Government explained the nature of the charges to which Gilstrap was pleading guilty. (DE 631

at 19-20) The Government explained the elements which the Government would be required to prove and both the maximum penalties and the applicable mandatory minimums Gilstrap faced. The Government also explained the mandatory special assessment required for both counts. (DE 631 at 21-23) Gilstrap testified he understood the essential elements that the Government must prove beyond a reasonable doubt and the maximum possible penalties. (DE 631 at 23)

The district court explained to Gilstrap how the advisory sentencing guidelines worked and their general applicability to his case. (DE 631 at 27) The court also explained that a period of supervised release could be part of Gilstrap's sentence. (DE 631 at 30) It does not appear the court explained the 18 U.S.C. § 3553 sentencing factors. However, Rule 11 dictates any variation from its requirement is considered harmless error unless the variation affects substantial rights. *Fed. R. Crim. P.*, Rule 11(h). Because Gilstrap was sentenced to the statutory mandatory minimums, there is no meritorious argument this oversight had an effect on Gilstrap's sentence.

The Government thoroughly explained the terms of Gilstrap's plea agreement. (DE 631 at 31-39) There was a waiver of appeal contained in the plea agreement which was recited by the Government. (DE 631 at 38) Additionally, the district court observed that Gilstrap understood that his plea agreement

contained an appellant waiver. (DE 631 at 53) The district court confirmed the plea was voluntary and not the result of any threats or coercion. (DE 631 at 31) Finally, the district court heard a factual basis for the entry of the plea. (DE 631 at 43-46)

The record reflects the plea in this case was properly accepted. Counsel is unable to find any error in the acceptance of this plea by the district court.

2.   WHETHER THE APPELLANT WAS PROPERLY SENTENCED?

**Standard of Review:** Sentences are reviewed for abuse of discretion. *United States v. Curry*, 523 F.3d 436, 439 (4th Cir. 2008). The Court reviews sentences for abuse of discretion through a two-part inquiry. The first step is to determine whether or not there was any significant procedural error. The second step is to determine whether or not the sentence was substantively unreasonable. *Id.*

The Court looks for significant procedural error by determining whether any of the following occurred: failure to calculate, or improperly calculating, the Guideline range; treating the Guidelines as mandatory; failing to consider 3553(a) factors; selecting a sentence based on clearly erroneous facts, or failing to adequately explain the sentence or any deviation from the Guidelines. *United States v. Heath*, 559 F.3d 263, 267 (4th Cir. 2009)

8

A review of the record from the Sentencing Hearing reveals that there does not exist any significant procedural error in the sentencing of Gilstrap. The court accepted the appropriately calculated sentencing guidelines. Gilstrap informed the court that he had reviewed the Presentence Investigation Report with his counsel and counsel confirmed that there were no objections to the report. (DE 660 at 3) The court accepted the guideline calculations as advisory, considered the 3553(a) factors which were listed by the Government and fully explained the sentence. (DE 660 at 15)

The second step in reviewing a sentence, the reasonableness of the sentence, is governed by the United States Supreme Court's decision in *Gall v. United States*. *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). The *Gall* opinion states the reviewing court must look at the totality of the circumstances and may find a sentence within the Guidelines presumptively reasonable, though it is not required to do so. *Id.*, cited in *United States v. Heath*, 559 F.3d 263, 267 (4th Cir. 2009).

In addition to the sentence falling within the appropriately calculated guidelines, the sentence of the court was the lowest possible sentence available to Gilstrap because of the statutory mandatory minimums. Gilstrap did not qualify for a sentence below the mandatory minimum because he did not qualify for the statutory safety valve or substantial assistance. (DE 554) The sentence is

9

presumptively reasonable as it is within the sentencing guidelines that were accepted by the court. Therefore, when reviewing the totality of the circumstances, it appears that the sentence of the court was not substantively unreasonable and therefore, there is no meritorious issue related to this sentence.

## VII.  CONCLUSION

Counsel has thoroughly reviewed the record in this matter and researched all applicable case law. Counsel can find no meritorious issues for appellate review and files this brief pursuant to the mandate of *Anders v. California*.

Respectfully submitted,

/s/ William I. Bouton
William Innes Bouton
P.O. Box 8373 (29604)
1 McDaniel Greene
Greenville, SC 29601
(864) 312-3901
Facsimile (864) 312-3903
wbouton@wilkinsbouton.com

Attorney for the Appellant

September 13, 2013
Greenville, South Carolina

10

# CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*2,110*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

    [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: September 13, 2013          /s/ William I. Bouton
                                   *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 13th day of September, 2013, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Alan L. Crick
> OFFICE OF THE U.S. ATTORNEY
> 55 Beattie Place, Suite 700
> Greenville, South Carolina  29601
> (864) 282-2105
>
> *Counsel for Appellee*

I further certify that on this 13th day of September, 2013, I caused the required copies of the Brief of Appellant to be hand filed with the Clerk of the Court and a copy of the Brief of Appellant to be served, via U.S. Mail, postage pre-paid, upon the Appellant at the following address:

> Estee P. Gilstrap #24270-171
> Federal Correctional Complex
> Unit B-2 (Low custody)
> P.O. Box 1031
> Coleman, Florida 33521-1031
>
> *Appellant*

/s/ William I. Bouton
*Counsel for Appellant*